IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04719-GPG

EUSBERTO ALEJANDRO MARTINEZ RODRIGUEZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, in his official capacity;
THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
SIRCE OWEN, Acting Director of the Executive Office for Immigration Review, in her official capacity; and
THE WARDEN OF THE DENVER CONTRACT DETENTION FACILITY, in his or her official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Notice of Non-Compliance with the Court's September 24, 2026 Order and Request for Immediate Release (Motion) (D. 7). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

On September 24, 2026, the Court granted in part the Petition, requiring a bond hearing (D. 3). On November 4, after the hearing, Petitioner filed its Motion seeking release (D. 7). The Court ordered a response (D. 8).

Respondents state:

> Respondents do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior Order granting the habeas petition (ECF No. 3). But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue. Respondents recognize that the Court may then decide to grant the Motion and award appropriate relief. If the Court does grant the Motion, Respondents submit that the Court should issue an order that releases Petitioner.

(D. 9).

Pursuant to this Court's inherent authority to enforce its prior Order and Respondents' failure to oppose Petitioner's Motion or provide a basis for denial, it is ORDERED that Petitioner's Petition and Motion are GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an IJ. Respondents must file a status report certifying compliance within five (5) days.

It is FURTHER ORDERED that Respondents are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[1] or imposing conditions of release in excess of those already in place prior to Petitioner's arrest.

DATED November 16, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

[1] Any request for relief from this Order should be filed in this case as a Rule 60(b) motion.